USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/25/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES,

    -against-

EDWIN DELMORAL,

               Defendant.

No. 15 CR 370 (04) (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Presently before the Court is the May 19, 2021 motion of Defendant Edwin Delmoral ("Mr. Delmoral") for early termination of supervised release. The Probation Office does not oppose.

The Court assumes the parties' familiarity with the procedural and factual background of this matter. In relevant part, Mr. Delmoral pleaded guilty to selling, distributing, or dispensing a controlled substance in violation of 21 U.S.C. § 841(b)(1)(B). (Minute Entry Dated May 18, 2016.) On September 9, 2016, the Court sentenced Mr. Delmoral to 64 months of incarceration to be followed by four (4) years of supervised release. (ECF No. 122.) Mr. Delmoral was released from BOP custody on February 8, 2019.

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may terminate an individual's term of supervised release "at any time after the expiration of one year of supervision . . . if [the Court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." In order to determine whether such action is warranted and in the interest of justice, courts consider the factors set forth in § 3553(a)(1)–(7). The § 3553(a) factors require this Court "to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency." *United States v. Erskine*, 05-cr-1234-DC, 2021 WL 861270, at

*1 (S.D.N.Y. March 8, 2021) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997). Nonetheless, "[s]upervised release is not, fundamentally, part of the punishment; rather its focus is rehabilitation." *Erskine*, 2021 WL 861270, at *1 (quoting *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015).

Mr. Dalmoral has been gainfully employed since three days after his release from BOP custody. Mr. Dalmoral asserts that during his two years and three months on supervised release, he has been fully complaint with the terms of his release. United States Probation Officer Christina Alexander-Nezbeth agrees.

Upon review of Mr. Delmoral's application and Officer Alexander-Nezbeth's assent to the application, the Court concludes that early termination of supervised release is appropriate here. *First*, Mr. Delmoral has demonstrated "exceptionally good behavior." *Lussier*, 104 F.3d at 36. This includes, among other things, full compliance with the terms of his release. *Second*, Officer Alexander-Nezbeth has no objection to supervision being terminated at this time. Having considered Mr. Dalmoral's conduct while on supervised release and the factors enumerated in 18 U.S.C. § 3553(a), the Court concludes that supervision is no longer necessary for Mr. Dalmoral.

Accordingly, Mr. Dalmoral's motion for termination of supervised release is GRANTED, effective five days from today.

Dated: May 25, 2021  SO ORDERED:
      White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge